United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40072
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO RODRIGUEZ RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-741-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Mario Rodriguez-Rodriguez ("Rodriguez") appeals his sentence following his guilty-plea conviction of illegally reentering the United States after having been deported previously following a conviction for an aggravated felony. He seeks to challenge the constitutionality of 8 U.S.C. § 1326(b). He argues that the appeal waiver contained in his plea agreement does not bar the instant appeal.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez's appeal waiver was rendered not knowing and voluntary when the magistrate judge advised Rodriguez at his rearraignment hearing that he could appeal an "illegal sentence." See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999). Therefore, his appeal waiver does not bar the instant appeal.

Rodriguez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that his challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it to preserve it for further review by the Supreme Court.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). We therefore must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.